UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FITZROY SAWYERS,

Plaintiff,

v. Case No: 8:24-cv-02951-JLB-GDP

TAMPA HUND, L.P. d/b/a
COURTESY HYUNDAI,

Defendant.
_______________________________________/

**ORDER**

Defendant Tampa Hund, L.P., doing business as Courtesy Hyundai, moves for judgment on the pleadings on Count IV of Plaintiff Fitzroy Sawyers's Complaint alleging negligence in the care of his vehicle.[1] (Doc. 16). After careful review, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings.

**BACKGROUND**[2]

In December 2022, Plaintiff contracted with Defendant to repair his vehicle. (Doc. 1 at ¶¶ 8, 12). Defendant conducted a full diagnostic inspection of the vehicle and performed engine repairs. (*Id.* at ¶ 12). When Plaintiff drove the vehicle home after the repairs were complete, he smelled an oil-like odor. (*Id.* at ¶¶ 14–15).

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Plaintiff's Complaint alleges race discrimination and retaliation claims under 42 U.S.C. § 1981, and the Court exercises supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367.

[2] In reviewing a motion for judgment on the pleadings, "[a]ll facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). Accordingly, this background section relies on the facts recited in the Complaint. (*See* Doc. 1).

Plaintiff called Defendant to report the odor and was informed that it was normal after the repair. (*Id.* at ¶ 15). When Plaintiff drove the vehicle the following morning, it became disabled on the interstate, and he could not continue driving it. (*Id.* at ¶ 16). Because the engine rendered the vehicle inoperable, Plaintiff towed the vehicle to Defendant's dealership for repairs. (*Id.* at ¶ 17; Doc. 1-1).

When Plaintiff checked on his vehicle at the dealership, a sales representative informed him that it was "smoking like crazy" when it was towed to Defendant and test driven. (Doc. 1 at ¶ 22). For two weeks, Defendant was unresponsive to Plaintiff's requests for updates on the vehicle. (*Id.* at ¶ 24). When Plaintiff eventually spoke to a service manager, he was told that pre-existing damage caused the engine breakdown. (*Id.* at ¶ 26). The service manager suggested additional repairs or that Plaintiff pay for a new engine. (*Id.*).

Almost a month later, a service representative told Plaintiff that the vehicle was "fixed" and ready for pickup. (*Id.* at 28). Instead, upon arriving at the dealership, the service manager told Plaintiff that the vehicle was not repaired and had remained "in the same spot." (*Id.* at ¶ 29). Later, Plaintiff received a call from a towing company informing him that Defendant had his vehicle towed and that he was responsible for the towing and storage fees. (*Id.* at ¶ 31).

Plaintiff subsequently brought this action against Defendant, in part alleging negligence for breaching its duty to service the vehicle in a reasonable manner. (*Id.* at 50–53). Defendant moves for judgment on the pleadings as to this count (Doc. 16), and Plaintiff responds in opposition (Doc. 17).

## LEGAL STANDARD

A court may grant judgment on the pleadings where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999)). "The complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (quoting *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996)).

"The standard of review for a motion for judgment on the pleadings is identical to that used to decide motions to dismiss under Rule 12(b)(6) . . . ." *White v. State Nat'l Ins. Co.*, No. 8:12-CV-2828-T-26TGW, 2013 WL 12156318, at *1 (M.D. Fla. Apr. 12, 2013) (citing *Mergens*, 166 F.3d at 1117). Thus, "in ruling on the motion, '[a]ll facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party.'" *Id.* (quoting *Scott*, 405 F.3d at 1253) (alteration in original).

## DISCUSSION

In moving for judgment on the pleadings, Defendant argues that Florida's independent tort doctrine bars Plaintiff's negligence claim.[3] Under the independent tort doctrine, a party is barred from bringing a tort claim stemming from a

[3] Federal courts apply substantive state law to state claims heard on supplemental jurisdiction. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259–60 (11th Cir. 2015).

contractual relationship between the parties. *See Island Travel & Tours, Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239 (Fla. 3d DCA 2020) ("It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract."); *Costa Invs., LLC v. Liberty Grande, LLC*, 353 So. 3d 627, 632 (Fla. 4th DCA 2022) ("The independent tort doctrine is a general principle of law that provides a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract.") (citation and internal quotation marks omitted); *Atout as Tr. of HHM Land Tr. Dated Oct. 29, 2013 v. Rozanc*, No. 6D2023-2302, 2026 WL 2207239, at *5 (Fla. 6th DCA 2026) (collecting cases). "[A] breach of contract, alone, cannot constitute a cause of action in tort . . . . It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute negligence." *Elec. Sec. Sys. Corp. v. S. Bell Tel. & Tel. Co.*, 482 So. 2d 518, 519 (Fla. 3d DCA 1986).

The Court finds that the independent tort doctrine bars Plaintiff's negligence claim because it stems from his contractual relationship with Defendant to repair his vehicle's engine. Plaintiff alleges that he contracted with Defendant to repair his vehicle, and that Defendant "negligently performed repair services." (Doc. 1 at ¶ 9). The service rendered was an engine repair. (*Id.* at ¶ 12). When Plaintiff picked up the vehicle after the repair, he noticed an oil odor and reported it to Defendant, which informed him that it was normal after the repair. (*Id.* at ¶ 15). The next day, engine problems caused the vehicle to break down. (*Id.* at ¶ 16). Plaintiff had the

vehicle towed back to Defendant "since the damaged engine rendered the vehicle inoperational." (*Id.* at ¶ 17; Doc. 1-1). A service manager informed Plaintiff that, upon inspection of the engine, it needed additional repairs and suggested that Plaintiff have a new engine installed. (Doc. 1 at ¶ 26). Plaintiff does not allege that any further repairs or work were done on the vehicle. Thus, Plaintiff's claim here is merely a repackaged breach of contract claim. *See Dorvil v. Nationstar Mortg. LLC*, No. 17-23193-CIV, 2019 WL 1992932, at *17 (S.D. Fla. Mar. 26, 2019) ("Plaintiff may not repackage these breach of contract claims as independent actions in tort.").

Plaintiff responds, admitting that he initially contracted with Defendant for repairs but contends that Defendant took on responsibilities outside the contract when it conducted an inspection revealing engine damage and when it disregarded the need for further repairs without timely informing Plaintiff to prevent further damage to the vehicle. (Doc. 17 at 4). However, Plaintiff admits that he had the vehicle towed to Defendant because Defendant did not adequately repair the engine. (Doc. 1 at ¶ 17; Doc. 1-1). Indeed, in an email from Plaintiff to a case manager for Defendant, Plaintiff complained that Defendant refused "to take accountability for . . . blowing [his] engine . . ." and explained that he "had just spent $4000 with [Defendant] less than 24hrs before" and that he was "baffled . . . how its [his] fault" that he brought his car there to be serviced and had to tow it back to Defendant less than a day later. (Doc. 1-1). Put simply, Plaintiff alleges that Defendant did not

perform its contractual duty in repairing the vehicle's engine.[4]

Plaintiff also argues that Defendant committed a negligent act outside of its contractual obligations by having a third-party towing company remove Plaintiff's vehicle from Defendant's property. (Doc. 17 at 4). But Plaintiff's negligence claim focuses only on the service of the vehicle at the repair shop, and it does not allege negligence outside of that service. (Doc. 1 at 50–53).[5]

## CONCLUSION

Where a negligence claim is not "completely independent of the contract," the independent tort doctrine bars the tort claim. *In re Jan. 2021 Short Squeeze Trading Litig.*, 76 F.4th 1335, 1351 (11th Cir. 2023) (citation modified). Thus, the Court finds that Defendant's Motion for Judgment on the Pleadings on Count IV

[4] The Court also notes that the Complaint does not allege that any untimely information from Defendant caused damage to the vehicle. Thus, even if the independent tort doctrine did not bar Plaintiff's negligence claim, it fails on that basis. *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007) (explaining that a negligence claim requires the claimant to establish that defendant failed to perform a duty resulting in actual harm); *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (same).

[5] In citation to a Florida Supreme Court case, Plaintiff's response alludes to the argument that the independent tort alleged in his negligence claim is fraudulent inducement. (Doc. 17 at 3) (citing *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996)). Plaintiff does not expand on this caselaw or make further argument. To state a claim for fraudulent inducment in Florida, the claimant must demonstrate "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in *reliance* on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (citation omitted) (emphasis in original). Though the Complaint alleges that Defendant "took actions to influence, persuade, or induce [Plaintiff] to pay for additional repair fees," he does not allege that the statements were false, that the person making the statements knew of their falsity, or that he relied on the statements in any way. (Doc. 1 at ¶ 33). Indeed, Plaintiff does not allege that his vehicle received further repair from Defendant following his conversation with a service manager informing him that the engine needed additional repair or replacement. For these reasons, any argument for fraudulent inducement fails.

(Doc. 16) is due to be **GRANTED**. Accordingly, Count IV of Plaintiff's (Doc. 1) Complaint is **DISMISSED with prejudice**.

**ORDERED** in Tampa, Florida, on August 27, 2026.

John L. Badalamenti

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE